UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC PASS THROUGH CERTIFICATES 2007-QH8,<br><br>Plaintiff,<br><br>v.<br><br>CONCETTA MCBRIDE, et al.,<br><br>Defendants. | Case No. 5:17-cv-03350-EJD<br><br>**ORDER REMANDING CASE** |

## I. INTRODUCTION

Defendant Concetta McBride and non-party Eeon, "a natural individual standing sui juris in his Natural Capacity," removed to this court the instant unlawful detainer action originally filed in Monterey County Superior Court by Plaintiff Deutsche Bank Trust Company Americas as Trustee for Residential Accredit Loans, Inc Pass Through Certificates 2007-Qh8 (or "Plaintiff," for short). According to the state court Complaint, Plaintiff acquired certain real property located on Maravilla Drive in Salinas, California, at a foreclosure sale. McBride, and perhaps Eeon, continues to occupy that property in one form or another.

As is its obligation, the court has reviewed this action to determine whether federal jurisdiction exists. See Mashiri v. Dep't of Educ., 724 F.3d 1028, 1031 (9th Cir. 2013). It does not. Accordingly, this action will be remanded for the reasons explained below.

## II. DISCUSSION

Removal jurisdiction is a creation of statute. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the statutory authorization of Congress."). Only those state court actions that could have been originally filed in federal court may be removed. 28 U.S.C. § 1441(a) ("Except as otherwise

United States District Court
Northern District of California

expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant."); see also Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by defendant."). Accordingly, the removal statute provides two basic ways in which a state court action may be removed to federal court: (1) the case presents a federal question, or (2) the case is between citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1441(a), (b).

It is the removing defendant's burden to establish federal jurisdiction, and the court must strictly construe removal statutes against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) ("The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper."). "Where doubt regarding the right to removal exists, a case should be remanded to state court." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Although the Notice of Removal is not entirely clear, it appears under a liberal review of the document that the action removed based on diversity jurisdiction. However, that type of jurisdiction does not arise for two reasons. First, the amount in controversy - which is some amount less than $10,000 according to the Complaint - does not exceed $75,000. See PNC Bank, Nat'l Assoc. v. Ahluwalia, No. C-14-05672 DMR, 2015 U.S. Dist. LEXIS 9910, at *3 (N.D. Cal. Jan. 9, 2015) ("In unlawful detainer actions, the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy, and, pursuant to California Code of Civil Procedure section 86(a)(4), an unlawful detainer is a limited civil action where the 'whole amount of damages claimed' must be 'twenty-five thousand dollars ($25,000) or less.'" (quoting Cal. Civ. Pro. § 86(a)(4))). Furthermore, the pleadings demonstrate that McBride is a local defendant, thereby precluding removal on the basis of diversity. Spencer v. U.S. Dist. Ct. for N. Dist. of Cal., 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."); 28 U.S.C. § 1441(b)(2) (stating that

2
Case No.: 5:17-cv-03350-EJD
ORDER REMANDING CASE

a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.").

Nor do the pleadings support federal question jurisdiction. In order to find a federal question, or a claim arising under federal law, the court examines only the "well-pleaded" state court Complaint. See Caterpillar, Inc., 482 U.S. at 392; Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) ("[I]t must be clear from the face of the plaintiffs well-pleaded complaint that there is a federal question."). An examination of the sole-count unlawful detainer Complaint here reveals issues arising solely under California state law, not federal law. See Fed. Nat'l Mortg. Assoc. v. Lopez, No. C 11-00451 WHA, 2011 U.S. Dist. LEXIS 44818, at *1, 2011 WL 1465678 (N.D. Cal. Apr. 15, 2011) (holding that federal question jurisdiction does arise from an unlawful detainer complaint). Much of what is discussed in the Notice of Removal, which could instead be the subject of a counterclaim or a separate lawsuit, do not factor into the analysis since those claims are not contained in the Complaint. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (holding jurisdiction must appear on the face of the complaint); see also Hunter v. Philip Morris USA, 582 F.3d 1039, 1042-43 (2009) (holding jurisdiction cannot rest on actual or anticipated defense).

Accordingly, the court concludes that it lacks subject matter jurisdiction over this action and, for that reason, will remand this case to state court.

### III. ORDER

Based on the foregoing, the Clerk shall remand this case to Monterey County Superior Court and close the file.

The motion to proceed in forma pauperis (Dkt. No. 2) is DENIED.

**IT IS SO ORDERED.**

Dated: June 12, 2017

_____
EDWARD J. DAVILA
United States District Judge

3
Case No.: 5:17-cv-03350-EJD
ORDER REMANDING CASE